UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOHN COTTAM,

                              Plaintiff,                16 CV 04584 (RJS)

v.

GLOBAL EMERGING CAPITAL GROUP, LLC,
ALEXANDER KIBRIK, WILLIAM
UCHIMOTO, 6D GLOBAL
TECHNOLOGIES, INC., 6D
ACQUISITIONS, INC., and TEJUNE
KANG,

                              Defendants.
------------------------------------------------------------x

## DECLARATION OF TEJUNE KANG

1.    I am the Chairman and CEO of 6D Global Technologies, Inc. ("6D"). I submit this Declaration in support of the 6D Defendants' opposition to Plaintiff's motion for attachment.

2.    6D is a digital marketing firm that provides digital transformation solutions to its approximately 80 clients. These clients include Intel, Time Warner Cable, Autodesk, and the Oklahoma City Thunder. 6D currently employs approximately 60 individuals, as well as approximately 25 dedicated contractors. 6D has approximately 67 active projects for approximately 45 different clients.

3.    As Chairman and CEO of 6D, I am the officer of 6D who authorized the actions of my current counsel in this action, Catafago Fini LLP.

4.    I understand that Plaintiff is seeking a pre-judgment attachment in this action under NY CPLR §6201(3). I understand that in order to obtain an attachment under §6201(3), Plaintiff must prove that, with the intent to defraud creditors or frustrate enforcement of a

1

judgment that might be rendered in Plaintiff's favor, the defendants have assigned, disposed of, encumbered or secreted property.

5. I have personal knowledge that, at no time has 6D ever assigned, disposed of, encumbered or secreted property for the purpose of defrauding any creditors or frustrating any enforcement of a judgment that might be rendered in the Plaintiff's favor.

6. I also have personal knowledge that there are no pending or planned transactions that involve assigning, disposing of, encumbering or secreting property of 6D for the purposes of defrauding any creditors or frustrating any enforcement of a judgment. Given the above, it is not surprising that Plaintiff has not identified any past or planned transaction that it alleges involves assigning, disposing of, encumbering or secreting property for the purposes of defrauding any creditors or frustrating any enforcement of a judgment.

7. I also have personal knowledge that there is no pending or planned transaction involving the transferring of any 6D assets that are outside of the ordinary course of business. To be specific, 6D's current and planned expenditures involve paying payroll for employees, paying 6D's contractually set lease payments for office space, paying dedicated contractors, paying vendors and other expenses that it has customarily incurred in the ordinary course of business, and also paying fees for professionals such as lawyers and accountants.

8. In light of my personal knowledge of the above, and that Plaintiff has not offered any evidence whatsoever that contradicts the above facts, I respectfully submit that there is no basis for Plaintiff to be granted the extreme remedy of a pre-judgment attachment.

9. Plaintiff is not a secured creditor, and Plaintiff does not dispute this fact.

10. In its opposition to summary judgment, 6D has presented cogent reasons why Plaintiff should not be awarded any judgment in its favor. However, even assuming for some

reason that it is ultimately determined that Plaintiff was entitled to some damage award, it is undisputed that Plaintiff would be an unsecured creditor.

11.     While 6D is currently earning sufficient revenue to pay its ordinary expenses (i.e., payroll for employees, lease payments for office space and vendors providing services in the ordinary course), if an attachment were to be entered in the amount that Plaintiff seeks, this would destroy 6D's business and result in approximately 60 employees losing their jobs.

12.     In addition to the Plaintiff, there are 33 other investors who executed and invested money pursuant to the Subscription Agreement at issue in this action. The Plaintiff asserts that an attachment is warranted because 6D added those 33 other parties to this action. This assertion is without basis. To be clear, as set forth in the 6D Defendants' opposition to Plaintiff's motion for summary judgment, 6D in the first instance maintains that, when the provisions of the Subscription Agreement are read together, there is no breach of contract. However, as an alternative to this position, and in an effort to *avoid* any liability to any party, 6D wishes to reserve the right to seek to have the Court reform the contract under the doctrine of mutual mistake or unilateral mistake. This is set forth in 6D's opposition to Plaintiff's motion for summary judgment.

13.     In making this Declaration I am not disclosing any attorney client communication, nor am I intending to waive any privilege. I am simply setting forth my personal knowledge as to why 6D added the 33 additional investors under the Subscription Agreement, which reasons 6D's counsel has also stated on the record at the July 31, 2017 Court conference. It is my understanding that under New York law and the law of this Court, where a party seeks to reform a contract, it needs to add as parties all the signatories to the contract at issue. *Apple Mortgage Corp. v. Barenblatt*, 162 F. Supp. 3d 270, 282 (S.D.N.Y. 2016). This was the sole reason that I

authorized the addition of the 33 other signatories: to preserve 6D's ability to seek reformation as an alternative form of relief to avoid any liability to any party.

14. The 6D Defendants have not yet served any of the 33 parties who were added in order to preserve their right, in the alternative, to seek the remedy of reformation in efforts to avoid liability. This is because I understand that this may not be necessary depending on how the Court rules on the pending summary judgment submissions. For example, if, as 6D believes is the case, the Plaintiff has not established its right to summary judgment or any damages, then it may not be necessary for 6D to absorb the substantial cost of serving 33 additional parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York

October 6, 2017

_____
Tejune Kang