August 8, 2018

<u>Via ECF</u>

Hon. Judge Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, N.Y. 10007

Hon. Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

**Re:    Cottam v. Global Emerging Capital Group, 16-cv-04584 (RJS)
        Motion for Hearing**

Dear Judges Sullivan and Netburn:

Catafago Fini is counsel to defendants 6D Global Technologies, Inc., 6D Acquisitions, Inc. and Tejune Kang (the "6D Defendants" or "Defendants").  Gottlieb & Janey is counsel to Plaintiff, Dr. John Cottam.  In this joint letter, Catafago Fini is writing on behalf of Defendants to request a telephonic or in-person hearing to request (1) a brief extension of discovery deadlines in efforts to preserve the very limited insurance funds available to settle this and other cases against 6D pending in this District;[1] and (2) to resolve a discovery dispute that has arisen concerning the timing and location of plaintiff's deposition.  Gottlieb & Janey is writing to articulate Plaintiff's opposition to the Defendants' application for relief, as articulated herein.

<u>Defendants' Position</u>

Defendants believe that one, final 30-day extension of the current discovery deadline (currently August 27, 2018) is warranted here, where Judge Netburn has expended time and made significant progress toward a global settlement.  In the absence of one, final extension, the parties will be forced in the next three weeks to expend tens of thousands of dollars in the very limited insurance funds remaining.

On July 26, 2018, Judge Netburn conducted a settlement conference/mediation in this matter, during which Judge Netburn made substantial progress.  We understand that Dan Standish, Esq., an attorney for Defendant 6D's insurer and a highly experienced insurance counsel from the D.C. Office

---

[1] 6D is a defendant in two other cases in the Southern District of New York which are pending before Judge Robert Sweet: (1) *Scott v. Wei et al. and 6D Global Technologies, Inc.*, Case No. 1:15-cv-09691 and (2) *Puddu, et al. v. 6D Global Technologies, Inc., et al.*, Case No. 1:15-cv-08061.

of Wiley Rein LLP, has remained in contact with Judge Netburn and still believes that it is worth giving a global settlement one more attempt before my law firm expends tens of thousands of dollars conducting depositions and preparing the pre-motion letter that is currently due on August 27, 2018.

Plaintiff's counsel (Derrelle Janey) and our firm have cooperated well during this action. However, I believe that plaintiff's counsel has not been able to convince the plaintiff to join this request, perhaps due to plaintiff's lack of understanding of how several weeks of depositions can eat into the limited insurance funds available.

This is a situation where I feel obligated to forego billing more time in the interest of my client and even the plaintiff, who may not realize that my firm being paid money to conduct depositions the next few weeks eats into insurance funds that might settle the case.

In addition, because discovery closes on August 27, 2018, plaintiff's counsel has informed us that it would be difficult to schedule plaintiff's deposition in New York, and thus is refusing to produce the plaintiff in New York for his deposition.  Plaintiff's position is untenable.  It is well settled that where, as here, a plaintiff chooses this District as the forum for an action, absent compelling circumstances proven by the plaintiff, the plaintiff must appear for a deposition in New York. *See Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) ("a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum"); *Restis v. American Coalition Against Nuclear Iran, Inc.*, 2014 WL 1870368, at *3 (S.D.N.Y. April 25, 2014) ("[A] non-resident plaintiff who chooses this district as his forum is to appear for deposition in this forum absent compelling circumstances."); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("[T]his Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances").

In light of the above line of authority, it is clear that plaintiff should be required to be deposed in New York, as he chose this District for the lawsuit he brought.  Plaintiff will complain that we technically only provided plaintiff will relatively short notice for his deposition date, but this ignores that both sides have indisputably discussed depositions and agreed to postpone them to allow for the July 26, 2018 mediation – precisely to avoid my firm incurring fees that could otherwise be used to settle the case.

Having said that, in addition to allowing for a final opportunity to settle this case, an added benefit of granting one final 30-day extension for discovery (to September 26, 2018) is that the parties can likely avoid the need for the Court to rule on the discovery dispute involving the location of plaintiff's deposition, as we assume that with more time, Mr. Janey will agree to a date for plaintiff to be deposed in New York.  Again, Mr. Janey and I have cooperated in every other instance in this case, and we highly respect each other.

I stress that plaintiff's counsel and I have been cordial with each other and that these disputes are, in my estimation, a product of the lay plaintiff not fully accepting the reality of the limited insurance funds available.

For the above reasons, Defendants believe that one final 30-day extension to September 26, 2018 is warranted in these special circumstances, particularly given the time and progress that Judge Netburn has been able to make in a difficult situation, with very limited insurance funds available.

Plaintiff's Position

On behalf of Plaintiff, Gottlieb & Janey agrees that we have worked cooperatively with Mr. Fini throughout this litigation, and we also express a mutual respect. That said, our litigation position at this time, in the best interest of our client, and candidly, progression of this matter, is at odds with the 6D Defendants'. Specifically, Plaintiff opposes the 6D Defendants' request for yet another extension of discovery.

As the Court knows, Plaintiff expended substantial time in the mediation conference before Judge Netburn. Overall, the conference was not productive for reasons elusive to Plaintiff. At this time, Plaintiff, having noticed Defendants' expert for a deposition nearly four months ago—in April of this year—has renewed the deposition notice and is prepared to depose Mr. Paul Hinton prior to the expiration of the discovery period on August 27th, with no further extension. The Court has already granted _four_ extensions of discovery in this case. _See_ ECF No. 149 (Order memo-endorsing joint letter application for extension of discovery (ECF No. 148); ECF No. 158 (Order memo-endorsing letter application for extension of discovery (ECF No. 155)); ECF No. 165 (Order granting joint letter application for extension of discovery (ECF No. 164)); ECF No. 177 (Order memo-endorsing letter application for extension of discovery (ECF No. 176)). Plaintiff consented to each of these requests by the 6D Defendants, even though discovery was ordered on a limited basis to address issues raised by Defendants' counterclaim for reformation of the contract at issue based on unilateral and/or mutual mistake. (_See_ EFC No. 96 (Discovery Order).)

Unfortunately, a lot of time and expense has been incurred by Defendants resulting from their own strategic decisions, including attempting to join thirty-three additional third-party defendants (several of whom answered and/or appeared at the settlement conference with Judge Netburn), and procuring two expert reports—one of which (Mr. Winthrop Gardener Minot's report) discusses matters entirely outside the scope of the limited discovery permitted by the Court's order (ECF No. 96). As we have already indicated to Defendants' counsel in a letter dated July 1, 2018, we intend to move to preclude Mr. Minot's anticipated testimony and report on the basis that it contravenes the Court's order by addressing issues the Court explicitly indicated could not be addressed by expert testimony.[2] Moreover, Mr. Minot, in our estimation, does not qualify as an expert under the _Daubert_ standard, and, accordingly, we intend to move to disqualify him entirely. Again, the cost and expense to Defendants that they now speak of was caused by their own decisions—not the legitimate requirements of this case.

---

[2]  While the Court's Order limits the scope of discovery and explicitly states that "[t]here shall be **no** expert discovery regarding 'customs and practices in the industry'" (ECF No. 96 (emphasis supplied)), Mr. Minot's Report describes his role as directly addressing such customs and practices:

> "I have been asked by counsel to 6D Global Technologies, Inc., 6D Acquisitions, Inc., and Tejune Kang (the "6D Defendants"), to act as an expert witness in this action in order to provide specialized information that will assist the trier of fact in understanding the business transactions at issue, and the customs and practices relevant to such transactions. …

> The transactions at issue require an understanding of industry language and customs, such as specialized terms and the practice of providing a stock offering, that a trier of fact would not understand fully without the assistance of an expert, such as myself. Given my skill, experience, training and education, I have specialized knowledge of the relevant terminology and customs, such that my expertise will help the trier of fact to understand the evidence."

Expert Report of Winthrop Gardner Minot, at ¶¶ 5, 9 (emphasis supplied).

Notwithstanding, Defendants are now requesting yet another extension of discovery (for the *fifth* time) and, in essence, yet another settlement conference. Plaintiff has no reason to believe that the settlement posture of third party defendants will change from what it was at the last settlement conference, such that additional discovery extensions or conferences would be of any use. In fact, we have asked Defendants' counsel, on multiple occasions, the basis that leads him to believe otherwise. Counsel has not articulated any reason other than reiterating the non-sequitur that counsel does not want his clients to expend additional costs. We have not heard what we view to be a legitimate basis that would warrant extending the discovery deadline once again.

With respect to the issue of Dr. Cottam's deposition, Dr. Cottam is fully prepared to be deposed by Defendants. We have proposed to Mr. Fini in writing, by email dated August 7th, that we would stipulate to have Dr. Cottam sit for a deposition outside of the discovery end date (August 27th), given that his work as a dermatologist specializing in cancer surgeries in Florida does not permit him to be available on short notice pursuant to the Defendants' deposition notice. Defendants know full well that Dr. Cottam's schedule makes it difficult for him to be available. It was for this reason that we made an application to Judge Netburn to reschedule the settlement conference. Nevertheless, Defendants waited *through four extensions of discovery*, and *for the first time*, noticed Dr. Cottam's deposition on August 6th, commanding his appearance on August 17th. (Comparatively, our notice to depose Defendants' expert was first served four months ago in April, and was renewed on August 2nd.) We did not hear back from Mr. Fini as to whether a stipulation permitting Dr. Cottam's deposition to be held following the expiration of discovery, in or about the second week of September, would resolve the "dispute" as to the timing of Plaintiff's deposition. Nevertheless, we respectfully offer that alternative for the Court's consideration.

With respect to the location of the deposition, Dr. Cottam's request to be deposed in Florida is reasonable under the circumstances of his demanding schedule and obligations as a medical professional—of which Defendants are well aware. The case law in this district and others holds that a plaintiff may be deposed in a locale outside the district in which he filed suit, if it would cause him undue burden or hardship to sit within the district, or, if there are extenuating circumstances. *E.g. Elbex Video, Ltd. v. Axis Commc'ns, Inc.*, No. 5 CV 3345 (CBA), 2009 WL 10663719, at *5 (E.D.N.Y. Mar. 31, 2009) (The law regarding the proper place for a plaintiff's deposition is "less clear." While courts usually allow a defendant to depose a plaintiff . . . in the forum of the litigation, " 'this is at best a general rule' " and "may yield to the exigencies of the particular case.) (quoting *Abdullah v. Sheridan Square Press*, 154 F.R.D. 591, 592–93 (S.D.N.Y. 1994) (quoting 8A Charles Alan Wright *et al.*, Federal Practice and Procedure § 112 (2d ed. 1994); citing *Normande v. Grippo*, No. 01 CV 7441, 2002 WL 59427 (S.D.N.Y. Jan. 16, 2002))) (citing *Ward v. LeClaire*, No. 9:07 CV 0026, 2008 WL 1787753, at *5 (N.D.N.Y. Apr. 17, 2008)); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 CIV. 1930 (RMB) (TH), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (discussing the "general rule" and citing cases in which a "substantial hardship," "compelling circumstances" or "burden" and "hardship" were considered to determine whether an exception should be permitted); *id.* ("In the end, the decision as to the location of the deposition lies within the discretion of the court."). The nature of Dr. Cottam's work as a cancer surgeon creates an undue burden and hardship for his appearance in New York for a day, plus additional travel days preceding and following his deposition. He is unable to be away from his work for that long – on the short time-table caused by Defendants' failure to notice his deposition earlier – without his absence detrimentally impacting his patients.

Conclusion

For the foregoing reasons, the 6D Defendants request a hearing for the purpose of making an application to extend discovery, and to resolve the dispute regarding the time and place of Dr. Cottam's deposition.  For the foregoing reasons, Plaintiff opposes the Defendants' request for relief.

Respectfully submitted,

**CATAFAGO FINI LLP**

_____/s/_____Tom M. Fini_____
Tom M. Fini, Esq.
The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY  10118
212-239-9669
tom@catafagofini.com
*Counsel for the 6D Defendants*


**GOTTLIEB & JANEY LLP**

_____/s/_____Derrelle M. Janey_____
Derrelle M. Janey
Trinity Building
111 Broadway, Suite 701
New York, NY  10006
212-566-7766
djaney@gottliebjaney.com
*Counsel for Plaintiff John Cottam*