

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

*Attorneys at Law*

November 26, 2018

**VIA ECF**

The Honorable Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 1007

Re:   *Cottam v. Global Emerging Capital Group, LLC, et al.*
      1:16-cv-04584 (S.D.N.Y.)

Dear Judge Schofield:

We represent the 6D Defendants in the above litigation. Pursuant to Your Honor's Individual Rules, we are writing in response to, and in opposition to, the pre-motion letter by Plaintiff dated November 19, 2018 (Doc. 209).

As set forth below, the Plaintiff's pre-motion letter is in a reality a premature *Daubert* motion, seeking to preclude, prior to expert depositions and prior to the in limine motion stage, the expert report of Winthrop Minot (the "Minot Expert Report"). At this discovery stage, as explained below, Mr. Minot's report clearly sets forth topics that were permitted by Judge Sullivan's November 15, 2017 Discovery Order (Doc. 96). Plaintiff should take the deposition of Mr. Minot, and if at the appropriate time Plaintiff chooses to make an in limine or *Daubert* motion, then Plaintiff will be free to do so. For the Plaintiff to seek some type of preclusion of expert testimony at this discovery stage is simply premature and inappropriate.

There is an elephant in the room that Plaintiff ignores. Plaintiff's letter ignores that Judge Sullivan's November 15, 2017 Order expressly permitted expert discovery concerning **"(1) the necessity of the two reverse stock splits to satisfy a condition of closing."** Doc. 96 at 2, Ex. 1 hereto (emphasis added). In addition, Plaintiff's letter ignores that the Minot Expert Report spends numerous paragraphs addressing this very topic.

Indeed, the Plaintiff fails to attach a copy of the Minot Expert Report, because a perusal of that report reveals that Mr. Minot spends the bulk of his report addressing the necessity of the two reverse stock splits to satisfy a condition of closing. Attached hereto as Exhibit 2 is the Minot Expert Report. After an introduction to the background of the complex transaction, the Minot Expert Reports spends paragraph after paragraph explaining in detail why the two reverse splits were necessary to satisfy a condition to closing. Just by way of example, at Paragraph 17, Mr. Minot explains the condition to closing: that the 6D stock be tradable on the NASDAQ. Ex. 2 at at 8. Then, after paragraphs of explanation, at Paragraph 22, Mr. Minot begins his explanation that if "two reverse splits had not occurred, the Share Exchange and the Offering would not have taken place." Ex. 2 hereto, at 10. The report goes on for pages to explain, in layperson's language,

the background and practical effect of the reverse splits, and why those splits were necessary to close the transaction – precisely the "two reverse split" topic that Judge Sullivan's November 15, 2017 Order permitted.

Judge Sullivan's November 15, 2017 Order permitting expert testimony on "the necessity of the two reverse splits to satisfy a condition of closing," is consistent with well-settled law that permits experts to offer expert testimony as to the workings of complex financial transactions. *E.g., Liberty Media Corporation v. Vivendi Universal*, S.A., 874 F. Supp. 2d 169, 175 (S.D.N.Y. 2012) ("I note that it is common to allow expert testimony to aid a jury in understanding complex and unfamiliar corporate transactions . . . ."); *Protocomm Corp. v. Novell Advanced Services, Inc.*, 171 F. Supp. 2d 473, 481 (E.D. Pa. 2001) (denying *Daubert* motion and permitting expert testimony of an attorney to help understand the "complex business transactions" in the case); *United States v. Ortiz*, 112 F.3d 506, 1997 WL 225108, at *5 (2d Cir. May 5, 1997) (affirming use of expert testimony on "the complex statutory and regulatory requirements imposed by the currency transaction reporting laws").

In light of the above, it cannot be denied that Plaintiff's pre-motion letter completely ignores that the Minot Expert Report addresses an expert discovery topic that Judge Sullivan's November 15, 2017 Order expressly permits. For this reason alone, Plaintiff's desired motion is premature and should be denied.

In an attempt at distraction, Plaintiff argues that the Minot Expert Report also addresses some *additional* topics that go beyond what Judge Sullivan's November 15, 2017 Order permitted, such as customs and practices of the securities industry. Doc. 209 at 2. This argument is without merit, because that an expert report may offer background opinions that are in addition to other topics that are clearly relevant and permitted is obviously no basis to strike the entire report or in any way warrant a premature *Daubert* motion at this time. Mr. Minot's explanation of why the two reverse splits were necessary to meet a condition of closing is not based only on customs or practices, but instead involves an expert explaining the workings of a complex financial transaction, a topic which courts have held is proper expert testimony (see cases cited above).

Plaintiff also makes a red herring argument, referring to undersigned counsel's suggestion that, at the appropriate *Daubert* in limine motion stage, Defendants will explain why Judge Sullivan's order should not preclude certain background explanations of custom and practice, which discovery has revealed is relevant in ways that were not clear or briefed to Judge Sullivan. Indeed, expert testimony regarding customs and practices is commonly permitted, and this law was not presented to Judge Sullivan when he issued his very short discovery order. Regardless of whether Your Honor, at the motion in limine stage, will narrow the topics that Mr. Minot can discuss by way of background to his opinion, it is absolutely clear that Mr. Minot in fact addresses expert topics that are clearly authorized by Judge Sullivan's November 15, 2017 discovery order.

After cutting through the pre-motion letter by Plaintiff, Plaintiff seems to admit that his motion is premature, as it is really raising a *Daubert*/motion in limine issue. Doc. 209 at 2. In that regard, Plaintiff suggests that he doesn't want to bother deposing Mr. Minot. Id. If Plaintiff doesn't want to take advantage of deposing Mr. Minot, that is his choice. But Plaintiff's desire not to depose an

2

opposing expert is not any excuse to not follow the normal course: allow expert depositions, and than at the appropriate procedural juncture, make whatever motions in limine a party may wish.

For the reasons set forth above, the 6D Defendants respectfully request that the Plaintiff's pre-motion letter requesting permission to make a premature motion to preclude Mr. Minot's testimony should be denied, without prejudice to the parties' right to make whatever motions in limine they wish to at the appropriate procedural juncture (i.e., motions in in limine and *Daubert* motions).

Respectfully submitted,

Tom M. Fini