Ibfdcotc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JOHN COTTAM,

                Plaintiff,                  New York, N.Y.

           v.                               16 Civ. 4584(LGS)

GLOBAL EMERGING CAPITAL GROUP,
LLC., et al.,

                Defendants.

------------------------------x
                                            November 15, 2018
                                            11:38 a.m.
Before:

                    HON. LORNA G. SCHOFIELD,

                                            District Judge

                         APPEARANCES

GOTTLIEB & JANEY LLP
     Attorneys for Plaintiff
BY:  DERRELLE MARCEL JANEY
          - and -
GAZES LLC
BY:  DAVID MICHAEL DINOSO

CATAFAGO FINI LLP
     Attorneys for Defendants 6D Global Technologies,
     6D Acquisitions, Inc., Fantasia, and Tejune Kang
BY:  TOM M. FINI

DANIEL LARSON (via speakerphone)
     Third-Party Defendant

FIRESTONE LAW PLLC
     Attorneys for Third-Party Defendants Global Investment
     Alliance, Inc. and Early Bird Tech Limited
BY:  MICHAEL JOSEPH FIRESTONE
```

Ibfdcotc

1        THE CLERK:  We are here in the matter of 16 Civil
2    4584.  Counsel, please state your name for the record.
3        MR. JANEY:  For the plaintiff, Dr. John Cottam,
4    Gottlieb & Janey, by Derrelle Janey, J-a-n-e-y.
5        Good afternoon, your Honor.
6        And I'm joined at counsel's table by my colleague,
7    David Dinoso.
8        THE COURT:  OK.  Good morning.
9        MR. DINOSO:  Good morning, your Honor.
10        MR. FINI:  Good morning, your Honor.  My name is Tom
11    Fini, from Catafago Fini LLP.
12        THE COURT:  Good morning.
13        MR. FINI:  We represent defendants 6D Global
14    Technologies, 6D Acquisitions, Fantasia, and Kang.
15        Just so your Honor understands the third-party
16    situation, the main action is the plaintiff versus the
17    defendants.  The defendants -- the main defendants, as one form
18    of defense, is asking in the alternative for reformation -- has
19    a sort of a reformation claim in.  Southern District authority
20    requires that if that is the case, then you should add the
21    other parties to the contract.  So almost all of the parties
22    who have appeared as third parties are basically saying that if
23    there is a remedy for the plaintiff, they would have the same
24    remedy but they are not as active.  That's why Mr. Larson is
25    called in but some of the others have made an appearance, but

1  they are really preserving their rights but they are not
2  actively driving the litigation.
3          THE COURT:  OK.  Just so I'm clear, then, the three
4  third-party defendants who have appeared *pro se*, Mr. Hurst,
5  Mr. Klein and Mr. Larson, with Mr. Larson being on the phone,
6  are basically in the same category as parties to the contract
7  as the other third-party defendants who have not appeared; is
8  that right?
9          MR. FINI:  Yes.  And they are similarly situated to
10 the plaintiff, and so we presume that they will -- we will
11 certainly invite them to depositions, but we presume they will
12 be basically just --
13         THE COURT:  I understand.
14         MR. FINI:  Yes.
15         THE COURT:  OK.  That is helpful.  Thank you.
16         And, Mr. Firestone, who are your clients?
17         MR. FIRESTONE:  Certainly, your Honor.  Good morning.
18 Michael Firestone, of Firestone Law PLLC.  My clients are
19 third-party defendants and counter claimants, Early Bird Tech
20 Limited and Global Investment Alliance, among the other
21 investors who were brought in by defendants because of the
22 reformation claim.
23         THE COURT:  Ah, OK.  So you stand in the same position
24 as these individuals, only your clients are entities?
25         MR. FIRESTONE:  Correct.

Ibfdcotc

1  THE COURT:  OK.  That is helpful.  Thank you.

2  MR. FIRESTONE:  Thank you, your Honor.

3  THE COURT:  You may be seated.

4  So, as you know, I have this case on reassignment from Judge Sullivan and he had decided some motions.  I know you had settlement discussions before Judge Netburn.  I understand discovery is stayed.

8  How far have you gotten in discovery?

9  MR. JANEY:  If I may, your Honor?  Derrelle Janey for Dr. Cottam.

11  One -- well, let me answer your direct question first.  There has been substantial progress on discovery from the plaintiff's perspective.  And if I may elaborate, your Honor?  The discovery that Judge Sullivan ordered at I believe it is ECF number 96 is limited discovery -- not my words, Judge Sullivan's words, and it is in the context of the order.  The discovery is limited certainly with respect to depositions per the order.  The defendant is only permitted to three depositions, one -- two with respect to expert discovery, as the order indicates.

21  The scope of expert discovery is quite limited.  I don't want to get ahead of where your Honor would like to go, but one of the points that we've elaborated in item number 12 relates to our disagreement with counsel for the 16 defendants as to one of the expert reports.  We raise it in the context of

1  the case management plan only because it's our position that an
2  anticipated motion that we would bring in regards to one of the
3  expert reports relates to the Rule 26 issues at least insofar
4  as the orderly progress of the case management plan.
5        So to state it in a different way, your Honor, it is
6  our view that per Judge Sullivan's order there should only be
7  one expert report that's at issue, not two, and I'm happy to
8  elaborate on the basis of what -- we've certainly read your
9  Honor's rules. We understand that a premotion letter would be
10 required. Part of the reason why we're raising it here in the
11 case management plan, among the reasons that I have also just
12 described, is our reading of Federal Rule of Evidence 103
13 suggests that to the extent that we have an objection with
14 respect to an expert report, that we are encouraged to bring
15 that objection at the earliest possible time. We've alerted,
16 by way of letter dated July 2018 to counsel, that we've had
17 that objection --
18        THE COURT: And the objection is a Daubert type
19 objection or it's relevance --
20        MR. JANEY: It is two bases, your Honor. One, Judge
21 Sullivan's order at ECF 96 specifically limited the scope of
22 expert discovery in an important respect. One, Judge Sullivan
23 indicated that no expert discovery or expert report should go
24 to the issue of customs and practices in the securities
25 industry. The relevant expert report --

1        THE COURT:  Why did he do that?
2        MR. JANEY:  Well, one, he believed, and I concur,
3   there was some motion practice by way of letter motion on this
4   issue as to the scope of discovery.  But by way of background,
5   Mr. Fini, with whom we've shared a very nice, collaborative
6   relationship, even though we disagree on the nature of the case
7   at issue, is that here, when Mr.Fini became interposed in
8   representing the 60 defendants -- he's second counsel to the 60
9   defendants -- he raised a defense of mutual and/or unilateral
10  mistake.
11       THE COURT:  I'm just going to stop you here.  This is
12  too much information for me to try to do anything with it
13  without having something in writing from both of you.
14       MR. JANEY:  Sure.
15       THE COURT:  Particularly since there are people who
16  are waiting still for other conferences.
17       MR. JANEY:  Understood, your Honor.
18       THE COURT:  So, my apologies for interrupting you, but
19  what I really would like to do is set a schedule.
20       MR. JANEY:  Sure.
21       THE COURT:  And to the extent there is an issue about
22  the scope of expert discovery, which won't happen at least for
23  a little while, you can tee it up by giving me your respective
24  letters on that issue and we can set dates to do that.  I can
25  try and rule on the letters or get you on the phone for a phone

1    conference if that's a better way to handle it.  All right?
2            MR. JANEY:  We appreciate that, your Honor.  We
3    anticipate submitting our letter by Monday.
4            THE COURT:  All right.  Then I would like a responsive
5    letter by a week from Monday -- no, let's not do that.  Let's
6    say by Thursday of the following week, given the holiday.
7            MR. FINI:  Your Honor, if I may?
8            THE COURT:  Yes.
9            MR. FINI:  Respectfully, we have two experts.  The one
10   expert is going to be speaking as to the two reverse stock
11   splits and the other is a damages expert.
12           THE COURT:  Neither one is custom and practice?
13           MR. FINI:  No.
14           And to the extent there is custom and practice in
15   there and to the extent we will argue that the law of the case
16   shouldn't apply from Judge Sullivan, that wouldn't have
17   anything to do with the taking of the depositions.  Mr. Janey
18   should take the expert's deposition and waive the Daubert
19   motions until the appropriate time.
20           THE COURT:  OK.  So let's just deal with that in
21   letters.
22           MR. JANEY:  Yes.
23           THE COURT:  And I will try and rule on it on the
24   letters, but I will have a phone conference if I can't.
25           In the meantime, I'm going to accept the dates that

1    you've proposed.  So that is February 15th for the close of
2    fact discovery.
3              MR. JANEY:  Yes, your Honor.
4              THE COURT:  Expert discovery by March 8th.  I would
5    like a status letter let's say by January 11th.  And my
6    individual rules say what goes in the status letter, but that
7    is just to assure me that things are proceeding.  Don't wait
8    for the status letter if there is some issue that needs to be
9    resolved.
10             I'd like a subsequent letter after the close of
11   discovery on March 22nd concerning the parties' thoughts on
12   settlement.  I know you have had extensive discussions already.
13   And we'll have a conference March 28th at 10:30, which will
14   serve as a premotion conference.  If there are any dispositive
15   motions, you need to give me a letter at least two weeks before
16   then.  If I don't get a letter, I cancel the conference and
17   I'll schedule a trial.
18             So one of the things that I wondered, however, is that
19   I have the impression from Judge Netburn -- and I don't know
20   anything about the details of your discussions, but all I know
21   is that there is an insurance policy at issue and that the
22   insurance policy is being depleted, and several months of
23   discovery I presume will continue to eat into that insurance
24   policy.  And I'm just wondering, since that seems to be a
25   finite amount, what the endgame is here.

Ibfdcotc

1   MR. JANEY:  Your Honor --
2   THE COURT:  Yes.  Let me hear from the defendants
3 first.
4   MR. FINI:  I truly believe -- and I don't know if you
5 would want to go off the record, but Mr. Janey is --
6   THE COURT:  We can go off the record.  I think that
7 might be appropriate.
8   MR. FINI:  Yes.
9   THE COURT:  Off the record.
10   (Discussion off the record)
11   THE COURT:  So I will enter an order reflecting the
12 schedule that you have proposed.  And just so you know, I hold
13 parties to discovery schedules.  I don't give discovery
14 extensions lightly and usually only in extraordinary
15 circumstances.  So don't assume that if you all agree, that I
16 will also agree that a discovery extension is called for.  OK?
17   Thank you.  We are adjourned.
18   (Continued on next page)
19
20
21
22
23
24
25

Ibfdcotc

1        MR. JANEY:  Thank you, your Honor.

2        MR. FINI:  Thank you, your Honor.

3        MR. DINOSO:  Thank you, your Honor.

4        MR. LARSON:  Thank you, your Honor, for allowing me to
5  attend by phone.

6        THE COURT:  No problem.  I am happy to now and in the
7  future.

8        MR. LARSON:  Thank you.  Have a great day.

9        THE COURT:  You, too.

10       (Adjourned)