UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOHN COTTAM,                                                :
                                        Plaintiff,          :
                                                            :      16 Civ. 4584 (LGS)
                -against-                                   :
                                                            :      **ORDER**
GLOBAL EMERGING CAPITAL GROUP,                              :
LLC, et al.,                                                :
                                        Defendants.         :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a bench trial on the issue of damages and the affirmative defense of waiver is scheduled to begin on March 8, 2021. Dkt. No. 328.

WHEREAS, on November 11, 2020, the Court issued an Order directing the parties to file, by January 22, 2021, any direct testimony in the form of sworn affidavits. Dkt. No. 326.

WHEREAS, Plaintiff made no such filing.

WHEREAS, the March 8, 2021, bench trial will be limited to cross-examination of witnesses for whom the parties have submitted direct testimony in the form of sworn affidavits.

WHEREAS, "[u]nder New York law, breach of contract damages may fall into any one of three categories: expectation, reliance, and restitution, but, regardless of the damages sought, the plaintiff bears the burden of proof of establishing that any claimed damages were caused by defendant's breach to a reasonable degree of certainty." *LeChase Constr. Servs., LLC v. Escobar Construction, Inc.*, No. 18 Civ. 1021, 2021 WL 74080, at * 1 (2d Cir. 2021). "Where . . . the non-breaching party has proven the fact of damages by a preponderance of the evidence, the burden of uncertainty as to the amount of damage is upon the wrongdoer." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016). In other words, Plaintiff must submit evidence of damages. Failure to do so will result in an order that no monetary relief will be

awarded.

WHEREAS, waiver is "the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable," and "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage." *Tom Rice Buick-Pontiac v. Gen. Motors Corp.*, 551 F.3d 149, 157 (2d Cir. 2008); *accord Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 376 (N.D.N.Y. 2019). The party asserting waiver as a defense -- here, Defendant -- must "present evidence from which . . . intent to relinquish [the disputed right] can be reasonably inferred." *Endemann*, 390 F. Supp. 3d at 376 (internal citations and quotation marks omitted). In other words, it is Defendant's burden to establish waiver. As a result, Plaintiff's failure to submit evidence on waiver does not result in an automatic finding in favor of Defendant. Nevertheless, if Plaintiff intends to call a witness (including himself) to show that he did not intend to relinquish a known right and thus that he did not waive the relief sought, he must file a sworn written statement of that witness's testimony. Although Plaintiff need not call such a witness, if Defendant submits evidence of waiver and it is undisputed, then Plaintiff will not succeed on his claim. It is hereby

**ORDERED** that by **February 15, 2021**, Plaintiff shall file a sworn written statement for each witness he intends to use to prove damages -- even if this includes only a sworn statement from Plaintiff himself. The sworn statement(s) shall describe the amount of damages Plaintiff seeks, the calculation or other basis for the amount, and the documentary or other evidence supporting the amount, and shall attach any documents necessary to prove the amount. Any referenced documents shall be numbered sequentially, in the order in which they are referenced, in the following format: "Plaintiff's Exhibit [fill in the number]." The sworn statement(s) shall refer to any referenced document by exhibit number (*i.e.*, "Plaintiff's Exhibit [fill in the

number]") and shall clearly state (i) what the document is, (ii) the portion of the document on which the testimony relies and (iii) what the document says and proves.  Plaintiff is reminded that, because Plaintiff bears the burden of proof to establish damages with reasonable certainty, if he does not put forward evidence, Defendant will prevail and Plaintiff will not receive monetary relief.

**ORDERED** that by **February 15, 2021**, Plaintiff shall file a sworn written statement for any witness he intends to use to dispute the defense of waiver.  Plaintiff is reminded that, if Defendant puts forward evidence of waiver and the evidence is undisputed, Plaintiff will not prevail on his claim.

The Clerk of Court is respectfully directed to serve a copy of this Order on pro se Plaintiff.

Dated: January 26, 2021
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**